KOLB et al., Appellants, v. BINGER et al., Defendants, (United States Fidelity and Guaranty Company, Respondent.)

(207 N. W. 65.)

(File No. 5537.   Opinion filed January 23, 1925.).

**Appeal and Error—Principal and Surety—Moot Questions—Appeal From Order Releasing Surety On Supersedeas Bond Dismissed, As Involving Moot Questions, In View of Reversal of Judgment.**

Appeal for order releasing from subsequent liability surety on supersedeas bond on appeal will be dismissed, as involving only moot question; judgment appealed from having been reversed and cause remitted.

Dillion, J., dissenting.

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR, Judge.

Action by Wilson H. Kolb and another against Clarence Binger and another. From an order releasing the United States Fidelity & Guaranty Company from liability as surety on supersedeas bond and on appeal by defendants from judgment for plaintiffs, plaintiffs appeal. Appeal dismissed.

*Sterling, Clark & Grigsby,* of Redfield, for Appellants.
*Bailey & Voorhees,* of Sioux Falls, for Respondent.

GATES, P. J. In the appeal in Kolb v. Binger (No. 5311) 49 S. D. 65, 206 N. W. 421, in which the opinion was handed down on December 9, 1925, the United States Fidelity & Guaranty Company became surety on the supersedeas undertaking given by appellants Binger. Some weeks afterwards the surety sought to be released upon the claim that its signature to the undertaking had been obtained by misrepresentation. The trial court granted relief from liability accruing after the date of the hearing of such motion. Plaintiffs Kolb appeal.

Inasmuch as the judgment in the main case has been vacated and the cause has been remitted, and there is therefore no liability on the undertaking, the question whether the trial court erred in relieving the surety from liability has become moot, and does not require consideration at the hands of this court.

The appeal in this case will therefore be dismissed without prejudice, and no costs will be taxed.

DILLON, J. (dissenting). On account of the many contingent liabilities pertaining to this case, I cannot concur in its dismissal. No notice of any hearing was given, and the above decision in case No. 5537 is ex parte. I am of the opinion that there is no statute in South Dakota that would permit the canceling of the bond under the circumstances.

Note.—Reported in 207 N. W. 65. See, Headnote, American Key-numbered Digest, Appeal and Error, Key-No. 790(3), 4 C. J. Sec. 2396.